IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TOBY PACK,

          Plaintiff,

v.                                                                   CIVIL ACTION NO. 3:24-0688

CSX TRANSPORTATION, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CSX Transportation, Inc.'s Motion for Summary Judgment (ECF 158). For the reasons stated below, the Court **DENIES** the Motion **in part** and **GRANTS** the Motion **in part**.

I.    **BACKGROUND**

In April 2017, Plaintiff Toby Pack, a CSX employee, applied for Family and Medical Leave Act (FMLA) leave for his chronic kidney stones. *See* ECF 158-4. In the medical certification accompanying Pack's application, Pack's physician estimated that the condition required intermittent leave up to three times per month for one day per episode. *See id.* CSX approved Pack's application. *See* ECF 158-9 at 14.

On August 23, 2017, Pack called CSX's Crew Management Center (CMC) to request time off. *See* ECF 158-9 at 21. Pack later testified that he requested time off because he started to feel pain from his condition and believed he would need to see a doctor. ECF 158-3 at 51. Pack testified that, when he called, he was transferred several times. *Id.* at 60, 63. Eventually, Pack and a CMC representative had the following exchange:

>    Pack: Uh yeah, can I get a personal day in for tomorrow cause uh my kids uh starting a new school.
>    CMC Desk: Let me see if one's available. It's not available for tomorrow there Mr. Pack.
>    . . .
>    Pack: Well: [sic] okay. well [sic] um I guess you'll have to lay me off FMLA then.
>    CMC Desk: Okay, so FMLA for your kids [sic] school event; alright, understood I'll get you laid off, okay.
>    Pack: Thank you.

ECF 158-9 at 21.

Pack later "testified that he needed to be off both because his kids were starting a new school and because his medical condition had started to flare up . . . ." ECF 160, Def.'s Mem. at 6 (emphasis in original omitted) (citing ECF 158-13 at 24). He explained that he initially asked for a personal day, rather than FMLA leave, so he would be paid for the day and could avoid "us[ing] up" the FMLA time for which he had been approved. ECF 158-3 at 60.

Pack ended up taking four days of medical leave. *See id.* at 57.

Based on the phone exchange with the CMC representative, "CSX charged Pack with FMLA misuse and removed him from service pending an investigatory hearing." ECF 160, Def.'s Mem. at 5.

CSX Trainmaster Michael Ward oversaw Pack's hearing. *See* ECF 158-13 at 1. CSX's FMLA Manager, Jolanda Johnson, served as CSX's witness. *See id.* Johnson said it was clear, based on Pack's exchange with the CMC representative, that "Pack marked off FMLA for an unapproved reason"—so clear that "[t]here wasn't a need" for CSX to "determine if the leave that [Pack] requested was actually used for FMLA protection or for purposes of the FMLA." *Id.* at 13–14. Johnson refused to say whether CSX prohibits employees from attending to family obligations while on FMLA leave. ECF 158-13 at 14–16.

During the hearing, Pack testified that he saw a doctor for his flare up. *See id.* at 30. He also gave Ward a doctor's note dated August 24, 2017. *See id.* at 28; ECF 158-9 at 27. The note stated that Pack had been under a doctor's care "from 8/24/17 to 8/27/27." ECF 158-9 at 27.

After the hearing, Ward concluded that Pack had misused FMLA leave. *See* ECF 158-14. CSX then terminated Pack. *See* ECF 158-6.

Pack sued, alleging that CSX interfered with Pack's right to take FMLA leave and terminated him in retaliation for his taking FMLA leave. *See* ECF 147, 2d Amend. Compl. ¶¶ 44, 47.

## II. LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence presented would allow a reasonable factfinder to find for the nonmovant. A fact is 'material' if it may influence the outcome of the suit under governing law." *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024) (internal citations omitted). In deciding whether to grant summary judgment, "a court must view all facts, and reasonable inferences taken therefrom, in the light most favorable to the nonmoving party . . . ." *Id.*

## III. ANALYSIS

### A. Retaliation Claim

The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). To make out a retaliation claim, "a plaintiff must show 'that he engaged in protected activity, that the employer took adverse action against him, and that the

adverse action was causally connected to the plaintiff's protected activity.'" *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (quoting *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 551 (4th Cir. 2006)).

When a plaintiff lacks direct evidence of retaliatory intent, the plaintiff must establish intent through the "burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–06 (1973)." *Id.* Under this framework:

> [A] plaintiff must first produce sufficient evidence to establish a prima facie case that the elements of retaliation are satisfied. The burden of production then shifts to the employer to rebut the prima facie presumption of retaliation and provide 'some legitimate, nondiscriminatory reason' for the adverse employment action. If the employer meets this burden, the presumption of retaliation is dissolved and the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination.

*Id.* (quoting *McDonnell*, 411 U.S. at 802) (internal citations omitted).

"Proof that the defendant's explanation" for terminating an employee "is unworthy of credence is . . . one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Furthermore:

> When the employee is able to produce sufficient evidence to establish that the employer failed to make a reasonably informed and considered decision before taking its adverse employment action, thereby making its decisional process 'unworthy of credence,' then any reliance placed by the employer in such a process cannot be said to be honestly held.

*Smith v. Chrysler Corp.*, 155 F.3d 799, 807–08 (6th Cir. 1998); *see Sharif*, 841 F.3d at 206 (quoting *Smith*, 155 F.3d at 807).

Here, Pack has produced "sufficient evidence to establish that" CSX's decision to terminate him was not "reasonably informed and considered . . . ." *Smith*, 155 F.3d at at 807. According to Johnson, CSX's only basis for believing Pack misused FMLA leave was his phone call with the

CMC. This call does not conclusively establish that Pack engaged in misconduct, especially given Pack's testimony that he needed to attend to *both* medical needs and family obligations. Also, Pack's doctor's note provided evidence that his request for leave was legitimate.

It is for the jury to decide whether the basis for Pack's termination suggests that CSX's decisional process may be unworthy of credence. A reasonable juror could conclude, based on the limited evidence that Pack misused FMLA leave, that CSX's purported reason for terminating Pack was pretextual. Accordingly, the Court will deny CSX's Motion with respect to Pack's retaliation claim.

### B. Interference Claim

The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

CSX argues that "Pack's claim is properly analyzed as a retaliation claim and not as an interference claim." Def.'s Mem. at 18. Pack acknowledges that "the analys[e]s of FMLA interference and retaliation claims effectively merge." Pl.'s Resp. at 14. Accordingly, the Court will simplify this case by granting CSX's Motion with respect to Pack's interference claim. *See LaBelle v. Cleveland Cliffs, Inc.*, No. 2:17-CV-212, 2018 WL 7254247, at *4 (W.D. Mich. Nov. 27, 2018) ("[T]he 'essence of his claim is retaliation, not interference with substantive FMLA rights,' so his FMLA claims should be merged and analyzed under the retaliation framework." (quoting *Seeger v. Cincinnati Bell Telephone Co.*, 681 F.3d 274, 282 (6th Cir. 2012))), *aff'd*, 784 F. App'x 437 (6th Cir. 2019).

### IV. CONCLUSION

The Court **GRANTS in part** and **DENIES in part** CSX's Motion for Summary Judgment

(ECF 158). The Court **ENTERS JUDGMENT** for CSX on Pack's interference claim.

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:     January 14, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE