**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TOBY PACK,

                  Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0688

CSX TRANSPORTATION, INC.,

                  Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CSX Transportation, Inc.'s Motion to Exclude Opinions and Testimony of Plaintiff's Expert Beth De Lima (ECF 159, Def.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion.

**BACKGROUND**

In April 2017, Plaintiff Toby Pack, a CSX employee, applied for Family and Medical Leave Act (FMLA) leave for his chronic kidney stones. *See* ECF 158, Ex. A-1. CSX approved Pack's application. *See* ECF 158, Ex. D 14.

On August 23, 2017, Pack called CSX's Crew Management Center (CMC) to request time off. *See id.* at 21. Pack and a CMC representative had the following exchange:

> Pack: Uh yeah, can I get a personal day in for tomorrow cause uh my kids uh starting a new school.
> CMC Desk: Let me see if one's available. It's not available for tomorrow there Mr. Pack.
> . . .
> Pack: Well: [sic] okay. well [sic] um I guess you'll have to lay me off FMLA then.
> CMC Desk: Okay, so FMLA for your kids [sic] school event; alright, understood I'll get you laid off, okay.
> Pack: Thank you.

*Id.* at 21.

Based on the phone exchange, "CSX charged Pack with FMLA misuse and removed him from service pending an investigatory hearing." ECF 160 at 5. CSX Trainmaster Michael Ward, who oversaw Pack's hearing, concluded that Pack misused FMLA leave. *See* ECF 158, Ex. I. CSX then terminated Pack. *See* ECF 158, Ex. A-3.

Pack sued, alleging that CSX fired him in retaliation for his taking FMLA leave.[1] *See* ECF 147 ¶ 47.

"Pack intends to offer the expert testimony of Beth De Lima" at trial. ECF 164, at 1. De Lima's report touches on several topics, including:

(1) employees' legal rights under the FMLA, *see, e.g.*, Def.'s Mot., Ex. A ¶ 10;

(2) employers' legal obligations under the FMLA, *see, e.g.*, *id.* ¶ 31;

(3) CSX's compliance with those obligations, *see, e.g. id.* ¶ 47;

(4) CSX's "Crew Attendance Point System (CAPS) policy," *id.* ¶ 9;

(5) CSX officers' competence to oversee employee disciplinary hearings, *see, e.g.*, *id.* ¶ 15; and

(6) CSX's compliance with industry standards for investigating FMLA misuse, *see, e.g.*, *id.* ¶ 17.

CSX's Motion asks the Court to exclude De Lima's "opinions and testimony . . . ." Def.'s Mot. 1. Following a hearing, the Court directed Pack "to file a supplemental briefing . . . clarifying what opinions De Lima would offer at trial if allowed to testify." ECF 184. The Court said Pack "should include an affidavit or sworn declaration from Ms. De Lima." *Id.* Pack filed a supplemental briefing without a declaration. *See* ECF 185, Pl.'s Suppl. The supplement clarifies that De Lima plans to offer only one opinion:

---

[1] Pack also alleged that CSX unlawfully interfered with Pack's right to take FMLA leave. *See* ECF 147 ¶ 44. The Court has entered summary judgment for CSX on Pack's interference claim. *See* ECF 170 at 5.

> [W]hen a major employer administering intermittent FMLA leave receives information suggesting possible FMLA misuse, the *accepted* human resources practice is to identify the perceived inconsistency, communicate with the employee, allow the employee a meaningful opportunity to explain, and where the concern turns on whether the leave was medically necessary or consistent with an existing certification, seek appropriate clarification from the employee and, where appropriate, the employee's health-care provider.

*Id.* at 2 (emphasis in original).

CSX argues De Lima's opinion and testimony should be excluded for several reasons, *see generally* ECF 159, Def.'s Mem., but the Court finds it necessary to address only two of them: (1) whether De Lima's opinion is relevant and (2) whether her opinion is sufficiently reliable under Federal Rule of Evidence 702.

## LEGAL STANDARD

Under Federal Rule of Evidence 402, evidence is inadmissible unless it is relevant. Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Federal Rule of Evidence 702, meanwhile, provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

**ANALYSIS**

### A. Relevance

The jury in this case will be asked to determine whether CSX terminated Pack in retaliation for Pack's use of FMLA leave. CSX argues that De Lima's opinion is not relevant to that question. *See* ECF 194, at 4.

The Court agrees. CSX's alleged noncompliance with industry standards does not make it any more likely that CSX retaliated against Pack. If CSX had deviated from its *own* standard procedures in investigating Pack, that might be probative of retaliation. *See Sharif v. United Airlines, Inc.*, 841 F.3d 199, 206 (4th Cir. 2016). But CSX having different procedures from other companies does not show that CSX's explanation for terminating Pack is "unworthy of credence . . . ." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *see* Pl.'s Suppl. 2 (explaining that accepted human resources practices come from "what other employers do").

### B. Reliability

Even if De Lima's opinion were relevant, the Court would exclude it under Federal Rule of Evidence 702.

In her report, De Lima says the industry standards to which she alludes are "set forth by the Society for Human Resource Management . . . ." Def.'s Mot., Ex. A ¶ 5. But the report never cites specific documents or guidance promulgated by this organization. During her deposition, De Lima confirmed that the standards on which she relied are "written down." Def.'s Mem., Ex. B 54. However, when asked which of the sources in her bibliography support her opinions, she was unable to provide an answer.[2] *See id.* at 55–56. Instead, she asserted that the FMLA itself supports

---

[2] She did reference one document—the "ADA & FMLA Compliance Manual," *see* Def.'s Mem., Ex. B 56, Def.'s Mem., Ex. C, Bibliography 2—but merely said she "would expect" it to support her opinion, Def.'s Mem., Ex. B 56. She never said the document actually supports her opinion, nor that she actually relied on it in forming her opinion. Notably, Pack's supplemental briefing does not identify the Manual as a basis for De Lima's opinions. *See* Pl.'s Suppl.

-4-

her opinions. *See id.* at 56. When asked which part of the FMLA supports her opinions, she said "it's not clear." *Id.* at 61.

In his supplemental briefing, Pack identifies five publications from The Society for Human Resources Management which he claims support De Lima's opinion. *See* Pl.'s Suppl. 2–3. But the supplement never asserts De Lima actually relied on those publications in forming her opinion, *see generally id.*, and none of the publications are included in De Lima's bibliography, *see* Def.'s Mem., Ex. C, Bibliography.

Since neither Pack nor De Lima has identified the basis for De Lima's opinion and testimony, they are too unreliable to be admitted under Rule 702. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); Fed. R. Evid. 702 advisory committee's note to 2000 amendments ("The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'"); *Robles v. United States*, No.: 2:19cv111, 2020 WL 6533651, at *3 (E.D. Va. Aug. 13, 2020) (excluding an expert who could not identify authorities describing an industry standard).

## CONCLUSION

The Court **GRANTS** CSX's Motion to Exclude Opinions and Testimony of Plaintiff's Expert Beth De Lima (ECF 159). The Court **DIRECTS** Plaintiff not to present the opinions and testimony of Ms. De Lima at trial.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

---

De Lima also said that documents supporting her opinion are "out there . . . if [CSX] want[s] to find" them. Def.'s Mem., Ex. B 57. This is inadequate. *See Sardis v. Overhead Door Corp.*, 10 F.4th 268, 289 (4th Cir. 2021) (excluding expert's testimony where the expert "pointed the district court and the jury to 'Google' for [industry] standards he could not identify").

ENTER:      May 6, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE