**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TOBY PACK,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:24-0688

CSX TRANSPORTATION, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CSX Transportation, Inc.'s Motion in Limine (ECF 189, Def.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion **in part**, **DENIES** the Motion **in part**, and **DENIES** the Motion **as moot in part**.

**BACKGROUND**

In April 2017, Plaintiff Toby Pack, a CSX employee, applied for Family and Medical Leave Act (FMLA) leave for his chronic kidney stones. *See* ECF 158, Ex. A-1. CSX approved Pack's application. *See* ECF 158, Ex. D 14.

On August 23, 2017, Pack called CSX's Crew Management Center (CMC) to request time off. *See id.* at 21. Pack and a CMC representative had the following exchange:

> Pack: Uh yeah, can I get a personal day in for tomorrow cause uh my kids uh starting a new school.
> CMC Desk: Let me see if one's available. It's not available for tomorrow there Mr. Pack.
> . . .
> Pack: Well: [sic] okay. well [sic] um I guess you'll have to lay me off FMLA then.
> CMC Desk: Okay, so FMLA for your kids [sic] school event; alright, understood I'll get you laid off, okay.
> Pack: Thank you.

*Id.* at 21.

Based on the phone exchange, "CSX charged Pack with FMLA misuse and removed him from service pending an investigatory hearing." ECF 160 at 5. CSX Trainmaster Michael Ward, who oversaw Pack's hearing, concluded that Pack misused FMLA leave. *See* ECF 158, Ex. I. CSX then terminated Pack. *See* ECF 158, Ex. A-3.

Pack sued, alleging that CSX fired him in retaliation for his taking FMLA leave.[1] *See* ECF 147 ¶ 47.

### ANALYSIS

Defendant's Motion asks the Court to exclude or limit five different pieces or types of evidence: (1) a doctor's note Pack presented during his disciplinary hearing, (2) testimony from two of Pack's physicians, (3) evidence regarding other employees disciplined for suspected FMLA misuse, (4) evidence regarding CSX's finances, and (5) evidence regarding the emotional effects of Pack's termination. *See* Def.'s Mot. 1–2. CSX acknowledges its first request is moot.[2] *See* ECF 202, Def.'s Reply 1. Also, Pack attests he will not introduce evidence of CSX's finances, *see* ECF 199, Pl.'s Resp. 16, so this request is moot as well. The Court addresses CSX's other requests in turn.

#### A. Testimony from Pack's Physician's

Pack plans to call Dr. Matthew Braddock and Dr. Gary Cremeans to testify at trial. *See* ECF 181, at 2. Dr. Braddock signed off on Plaintiff's April 2017 FMLA certification. *See* ECF 158, Ex. A-1, at 2. Dr. Cremeans, meanwhile, allegedly treated Pack for kidney stones after Pack took FMLA leave in August 2017. *See* ECF 158, Ex. D 27.

---

[1] Pack also alleged that CSX unlawfully interfered with Pack's right to take FMLA leave. *See* ECF 147 ¶ 44. The Court has entered summary judgment for CSX on Pack's interference claim. *See* ECF 170 at 5.

[2] The Court makes no ruling on the admissibility of medical records related to the doctor's visit referenced in the note.

Pack identified neither Braddock nor Cremeans as an expert witness. Accordingly, neither may offer expert testimony at trial. *See Roop v. Desousa*, 660 F. Supp. 3d 477, 500 (E.D. Va. 2023) ("Courts generally permit treating physicians to testify as fact witnesses but exclude their testimony to the extent it consists of expert opinion . . . ."). CSX argues "opinions about whether Pack's use of FMLA leave between August 23 and August 27, 2017 was legitimate or otherwise consistent with his condition" constitutes expert testimony. Def.'s Mot. 8. The Court agrees. *See Roop*, 660 F. Supp. 3d at 500 ("A treating physician becomes a retained expert when a party intends the physician 'to explore areas within their medical expertise but beyond the scope of matters learned during treatment.'" (quoting *Moore v. McKibbon Bros.*, No. 5:98-CV-923, 1999 WL 1940029, at *2 (E.D.N.C. Jan. 8, 1999))); *Brown v. CSX Transp., Inc.*, No. 8:24-cv-2777, 2026 WL 507691, at *2–3 (M.D. Fla. Feb. 24, 2026) (concluding opinion that employee's FMLA leave was "legitimate or otherwise consistent with his condition" would be expert testimony).

According to Pack, Dr. Braddock's testimony would help the jury "understand what condition CSX approved [and] why the condition could require episodic absences . . . ." Pl.'s Resp. 8. This testimony would not constitute an expert opinion. CSX nevertheless argues this evidence should be excluded because CSX does not dispute that Pack has experienced kidney stones in the past. *See* Def.'s Mot. 7. But since Pack has the burden to prove his case, the Court will not exclude testimony simply because CSX will not dispute its content.

Accordingly, both Dr. Braddock and Dr. Cremeans may testify. Their testimony is relevant to explain Pack's medical condition and its tendency to cause intermittent symptoms. They may not offer any expert testimony, including opinions about whether Pack's FMLA leave was consistent with his condition. Cremeans may testify "about the care reflected in the" doctor's note

he issued and "why the note was issued,"[3] while Dr. Braddock may testify about what condition CSX approved [and] why the condition could require episodic absences . . . ." Pl.'s Resp. 8. Both doctors may share any other "information learned during the scope of" their treatment of Pack. *Moore*, 1999 WL 1940029, at *2.

**B. Evidence of Other Employees Disciplined for Suspected FMLA Misuse**

CSX next asks the Court to "exclude evidence . . . regarding (1) employees disciplined for using FMLA leave dishonestly over Christmas 2017/New Year's 2018; (2) the process used by CSX to identify suspicious patterns of FMLA use; and (3) the merits of other employees' discipline for FMLA abuse." Def.'s Mot. 9. CSX argues that the Christmas 2017/New Year's 2018 discipline and CSX's process for identifying suspicious patterns have "nothing to do with Pack's dismissal." *Id.* at 10. It further argues that "the factual basis for other employees' discipline is irrelevant." *Id.* at 11.

Pack maintains that this evidence "is relevant to . . . whether CSX's investigations were meaningful or perfunctory[] and to whether CSX maintained a pattern of discouraging FMLA use." Pl.'s Resp. 10.

This evidence has little to no probative value. CSX's actions with respect to other employees are not similar enough to demonstrate a company policy or practice or to establish intent. *See* Fed. R. Evid. 404(b) (providing that evidence of a person's other acts may be admitted to prove motive, intent, or plan). Pack was not disciplined for using FMLA leave on a holiday, and his FMLA use was not flagged through CSX's standard process for identifying suspicious leave. Further, a jury hearing this evidence might improperly find against CSX based on CSX's conduct

---

[3] Pack also says Dr. Cremeans "may testify about . . . what information was available to CSX has it sought clarification before terminating Pack." Pl.'s Resp. 8. While this would not be expert testimony, the Court is not prepared to conclude whether this testimony is admissible.

in other instances. *See* Fed. R. Evid. 403, 404(a); *Fry v. Rand Constr. Corp.*, Civ. A. No. 1:17-cv-0878, 2018 WL 10435251, *2 (E.D. Va. Apr. 20, 2018) (excluding testimony from other disciplined employee that might indicate a "general disposition against those with disabilities or those who take leave"), *aff'd* 964 F.3d 239 (4th Cir. 2020). Admitting this evidence could also lead to undue delay. *See* Fed. R. Evid. 403; Def.'s Reply 6–7 ("Should Plaintiff present evidence of employees disciplined for FMLA misuse over Christmas 2017/New Year's 2018, CSX would . . . need to counter with evidence of the specific facts of those cases . . . .").

### C. Evidence Regarding the Emotional Effects of Termination

Finally, CSX moves to exclude evidence "regarding how Pack's dismissal affected him emotionally . . . ." Def.'s Mot. 12. As Pack acknowledges, *see* Pl.'s 17–18, a plaintiff may not recover emotional-distress damages under the FMLA, *Settle v. S.W. Rodgers, Co.*, 998 F. Supp. 657, 665–66 (E.D. Va. 1998), *aff'd*, 182 F.3d 909 (4th Cir. 1999).

Pack argues evidence of his emotional distress nevertheless "provides context for back pay, mitigation, reinstatement, and the seriousness of the adverse action" and "allows Pack to present a coherent narrative . . . ." Pl.'s Resp. 18.

While evidence of emotional distress may provide relevant context, the Court will exclude it under Rule 403. *See Brown*, 2026 WL 507691, at *3 (excluding emotional-distress evidence in FMLA case). The risk that this evidence will tempt the jury to decide the case based on sympathy substantially outweighs its probative value.

### CONCLUSION

The Court **GRANTS in part**, **DENIES in part**, and **DENIES as moot in part** Defendant's Motion in Limine (ECF 189). The Court **ORDERS** as follows:

1. Dr. Gary Cremeans and Dr. Matthew Braddock may not offer expert testimony, and Plaintiff may not elicit such testimony from them.

2. Plaintiff may not offer evidence regarding:

   a.　Employees disciplined for using FMLA leave dishonestly over the Christmas 2017–New Year's 2018 period;

   b.　The process used by CSX to identify suspicious patterns of FMLA use; and

   c.　The merits of other CSX employees' discipline for FMLA abuse.

3. Plaintiff may not offer evidence on how his dismissal affected him emotionally.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:　　　May 8, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE