IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

TOBY PACK,

                Plaintiff,

v.                                     CIVIL ACTION NO. 3:24-0688

CSX TRANSPORTATION, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CSX Transportation, Inc's Motion to Exclude Evidence Regarding Pack's Alleged Future Losses and Potential Tax Liability (ECF 190, Def.'s Mot.). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

**BACKGROUND**

In April 2017, Plaintiff Toby Pack, a CSX employee, applied for Family and Medical Leave Act (FMLA) leave for his chronic kidney stones. *See* ECF 158, Ex. A-1. CSX approved Pack's application. *See* ECF 158, Ex. D 14.

On August 23, 2017, Pack called CSX's Crew Management Center (CMC) to request time off. *See id.* at 21. Pack and a CMC representative had the following exchange:

> Pack: Uh yeah, can I get a personal day in for tomorrow cause uh my kids uh starting a new school.
> CMC Desk: Let me see if one's available. It's not available for tomorrow there Mr. Pack.
> . . .
> Pack: Well: [sic] okay. well [sic] um I guess you'll have to lay me off FMLA then.
> CMC Desk: Okay, so FMLA for your kids [sic] school event; alright, understood I'll get you laid off, okay.

Pack: Thank you.

*Id.* at 21.

Based on the phone exchange, "CSX charged Pack with FMLA misuse and removed him from service pending an investigatory hearing." ECF 160 at 5. CSX Trainmaster Michael Ward, who oversaw Pack's hearing, concluded that Pack misused FMLA leave. *See* ECF 158, Ex. I. CSX then terminated Pack. *See* ECF 158, Ex. A-3.

Pack sued, alleging that CSX fired him in retaliation for his taking FMLA leave.[1] *See* ECF 147 ¶ 47.

If a jury finds in favor of Pack, he plans to "petition the Court for equitable relief" in the form of reinstatement, or alternatively, an award of front pay and a "tax offset." ECF 198, Pl.'s Resp. 1. Pack's damages expert, Jeffery Opp, has concluded that Pack's "future lost earnings" resulting from his termination are $518,872. Pl.'s Resp., Ex. 1, at 1. He also calculated that the value of Pack's pensions would be $244,733 higher if he had not been fired. *See id.* Finally, he projects that, if Pack received a lump-sum damages award, Pack would face an additional tax burden of $300,723. *See id.* Opp's calculations assume Pack would have continued working for CSX until 2039 had he not been terminated. *See id.* at 4.

## ANALYSIS

CSX's Motion asks the Court to (1) preclude Pack from presenting evidence of front pay to the jury, *see* Def.'s Mot. 2, (2) exclude Opp's calculations of Pack's future losses, *see id.* at 4–5, and (3) exclude Opp's tax-offset calculation, *see id.* at 5. The Court addresses each request in turn.

---

[1] Pack also alleged that CSX unlawfully interfered with Pack's right to take FMLA leave. *See* ECF 147 ¶ 44. The Court has entered summary judgment for CSX on Pack's interference claim. *See* ECF 170 at 5.

## A.  Keeping Front-Pay Evidence from the Jury

As Plaintiff acknowledges, *see* Pl.'s Resp. 8, equitable remedies in FMLA cases are issued by the Court, not the jury, *see Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 307 (4th Cir. 1998). Pack nevertheless proposes that the jury be allowed to hear evidence on front pay so it can issue an advisory opinion on equitable relief. The Court rejects this proposal. An advisory opinion would not be helpful, and allowing the jury to hear evidence on front pay might unduly prejudice Defendant. The Court will preclude Pack from offering Opp's calculations on future losses to the jury.

## B.  Excluding Opp's Calculations

In an FMLA case, the plaintiff has "the burden to prove an entitlement to front pay with reasonable certainty . . . ." *Dollar v. Smithway Motor Xpress, Inc.*, No. 11-2093, 2013 WL 1222796, at *11 n.2 (8th Cir. Mar. 27, 2013); *see also* Restatement of Employment Law § 9.05 (providing that, when an employer "breaches a tort-based duty to an employee," the employee may recover "*reasonably certain* future economic loss" (emphasis added)).

CSX argues Pack cannot satisfy that standard. *See* Def.'s Mot. 3. It asserts that, given Pack's "checkered employment history," Opp's assumption that "had Pack not been terminated, he would have continued working for CSX for another 22 years" is "highly speculative . . . ." *Id.* at 3–4.

Opp's future-loss calculations are not so speculative that they should be excluded altogether. CSX may challenge Opp's assumptions if and when the Court holds a hearing to determine what equitable relief, if any, to award to Plaintiff.

### C. Excluding Tax-Offset Calculation

CSX argues that Opp's tax-offset calculation should be excluded because a tax offset is not one of the "specific types of relief" authorized by the FMLA. Def.'s Mot. 5. The Court disagrees. The FMLA provides that an employer who retaliates against an employee for taking FMLA leave shall be liable for "such equitable relief as may be appropriate, including . . . reinstatement . . . ." 29 U.S.C. § 2917(a)(1)(B). Most federal courts to address this issue have concluded this provision authorizes the award of a "tax gross-up." *See Ramirez v. Wynn Las Vegas, LLC*, No.: 2:19-cv-01174, 2025 WL 2161138, *7 (D. Nev. July 29, 2025); *Shultz v. NW Permanente P.C.*, No. 3:20-cv-00626, 2022 WL 2072602, at *7 (D. Or. June 9, 2022); *White v. Oxarc, Inc.*, No. 1:19-cv-00485, 2022 WL 17668781, at *22 (D. Idaho Dec. 13, 2022); *cf. Clemens v. Centurylink Inc.*, 874 F.3d 1113, 1115–16 (9th Cir. 2017) (concluding Title VII permits the award of tax gross-ups by "authorizing 'any other equitable relief  as the court deems appropriate'" (quoting 42 U.S.C. § 2000e-5(g)(1))); *Tinsley v. City of Charlotte*, CIV. A. NO. 3:16-CV-00656, 2019 WL 1874044, at *7 (W.D.N.C. Apr. 26, 2019) (awarding a tax gross-up in a Title VII case); *Saulsberry v. Savannah River Remediation, LLC*, Civ. A. No.: 1:16-cv-02792, 2020 WL 264259, *3 (D.S.C. Jan. 17, 2020) (recognizing courts have discretion to award tax gross-ups in Title VII cases); *but see Wages v. Stuart Mgmt. Corp.*, No.: 0:12-cv-02905, 2014 WL 12781226, at *5 (D. Minn. July 1, 2014) (concluding courts lack authority to award tax gross-ups for FMLA violations), *rev'd on other grounds*, 798 F.3d 675 (8th Cir. 2015).

CSX argues that a tax gross-up is different from front pay, even though neither is expressly included in the FMLA's remedies provision, because front pay is a substitute for reinstatement. *See* ECF 201, at 6. But a tax offset is also a substitute for reinstatement. By receiving a front-pay award instead of reinstatement, a plaintiff faces a higher tax burden than he would if he continued

-4-

-5-

working and receiving regular paychecks. A tax offset, then, may be necessary to ensure a front-pay award carries the same financial benefits as reinstatement.

<strong>CONCLUSION</strong>

The Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Exclude Evidence Regarding Pack's Alleged Future Losses and Potential Tax Liability (ECF 190). The Court **ORDERS** Plaintiff not to present evidence of future losses to the jury.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      May 11, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE