**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TOBY PACK,

                Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0688

CSX TRANSPORTATION, INC.,

                Defendant.

**MEMORADUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Present Video or Telephonic Testimony of Dr. Braddock (ECF 222, Pl.'s Mot.). The Motion asks the Court to allow one of Plaintiff's witnesses, Dr. Matthew Braddock, to testify "by contemporaneous video transmission or by phone." Pl.'s Mot. 1. The Motion asserts "Dr. Braddock is a practicing physician . . . in Jacksonville, Florida," and his "schedule prevents him from traveling to the courthouse . . . ." *Id.*

Federal Rule of Civil Procedure 43(a) provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Court finds that such compelling circumstances exist.

Defendant's opposition to the Motion is unpersuasive. Defendant argues "[t]he Court should not relax the presumption favoring in-person testimony" for a witness whose "testimony is cumulative." ECF 226, Def.'s Resp. 2. But the Court has not "relax[ed] the presumption favoring in-person testimony;" it has found that compelling circumstances justify granting Plaintiff's Motion. Defendant also argues Plaintiff's Motion should be denied because Dr. Braddock will

offer expert testimony.[1] *See id.* at 2–3. This contention is speculative and not a basis to deny Plaintiff's Motion. Finally, Defendant argues that Dr. Braddock's testimony "would prejudice" Defendant because "Plaintiff has not produced any of Dr. Braddock's medical records." *Id.* at 3. The Court agrees with Plaintiff that "[t]he proper remedy for any records issue is a targeted ruling on the use of records or the scope of examination . . . ." ECF 227.

The Court **GRANTS** Plaintiff's Motion for Leave to Present Video or Telephonic Testimony of Dr. Braddock (ECF 222). Plaintiff may present Dr. Braddock's testimony by contemporaneous video transmission.[2]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    May 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] In a prior order, the Court ruled that Dr. Braddock "may not offer expert testimony . . . ." ECF 205, at 6. Defendant suggests that Plaintiff "will call Dr. Braddock . . . to testify that gout and kidney stone are both caused by the same problem: a build-up of uric acid." Def.'s Resp. 2. Defendant asserts "[t]his testimony is necessarily an expert opinion . . . ." *Id.* at 2–3. But as the Court has already held, Dr. Braddock may share "'information learned during the scope of' [his] treatment of" Plaintiff. ECF 205, at 4 (quoting *Moore v. McKibbon Bros.*, No. 5:98-CV-923, 1999 WL 1940029, at *2 (E.D.N.C. Jan. 8, 1999)). Accordingly, Dr. Braddock may discuss the connection between kidney stones and gout if he testifies that it was part of his diagnosis for Plaintiff.

[2] Plaintiff may not present Dr. Braddock's testimony by phone.