**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TOBY PACK,

    Plaintiff,

v.           CIVIL ACTION NO. 3:24-0688

CSX TRANSPORTATION, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Toby Pack's Motion for a New Trial (ECF No. 251). For the reasons stated below, the Court **DENIES** the Motion.

**BACKGROUND**

Plaintiff sued his former employer, CSX Transportation, Inc., alleging CSX violated the Family and Medical Leave Act (FMLA). *See* ECF No. 147 ¶¶ 7, 47. He claimed CSX fired him because he took medical leave. *See id.* ¶ 47. For its part, CSX asserted it fired Plaintiff because he lied about his reason for taking leave. *See* ECF No. 160, at 1. Following a trial, a jury found in favor of CSX. *See* ECF No. 242.

Before the jury began to deliberate, the Court gave the jury the following instruction:

Your role as jurors is not to decide whether Pack's dismissal was fair but rather whether it was retaliatory. In determining whether Mr. Pack has satisfied his burden of proof, you should consider only whether he has proven that his dismissal was in retaliation for taking FMLA leave. The FMLA does not prohibit an employer from disciplining an employee based on an honest belief that the employee has used FMLA leave dishonestly. To prevail, CSX is not required to prove that Mr. Pack actually used FMLA leave dishonestly. An honest but mistaken belief that an employee engaged in misconduct can defeat a retaliation claim. However, if you believe CSX lacked a legitimate basis for believing Mr. Pack committed

misconduct related to use of FMLA leave, you may infer that CSX did not have an honest belief that Mr. Pack engaged in that misconduct.

ECF No. 262, Def.'s Resp., Ex. 2, at 5.

Plaintiff now requests a new trial. *See* ECF No. 252, Pl.'s Mem. 2. He argues the Court "should have required the jury to find that CSX's belief [that Plaintiff used leave dishonestly] was both honestly held and reasonably informed and considered." *Id.*

## LEGAL STANDARD

When a party moves for a new trial based on an improper jury instruction, "the Court should only grant the new trial 'if the errors alleged . . . resulted in a miscarriage of justice.'" *The Cincinnati Ins. Co. v. Dynamic Dev. Grp., LLC*, 336 F. Supp. 2d 552, 561 (M.D.N.C. 2004), *aff'd*, 154 F. App'x 378 (4th Cir. 2005) (quoting *Dawson v. Page*, 286 F. Supp. 3d 617, 620 (M.D.N.C. 2003)). A court's failure "to give an instruction proposed by a party" only warrants a new trial "when the requested instruction '(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired' that party's ability to make its case." *Noel v. Artson*, 641 F.3d 580, 586 (4th Cir. 2011) (quoting *United States v. Lighty*, 616 F.3d 321, 366 (4th Cir. 2010)).

## ANALYSIS

Plaintiff argues the Court's instructions to the jury should have incorporated a reasonableness requirement. *See* Pl.'s Mem. 5. But such an instruction would have misstated the law. The Fourth Circuit has expressly rejected a reasonableness requirement for FMLA discrimination cases: "[W]hen an employer gives a legitimate, nondiscriminatory reason for terminating an employee, 'it is not our province to decide whether the reason was wise, fair, *or even correct*,' so long as it was *the genuine reason* for the employment decision." *Adkins v. CSX Transp., Inc.*, 70 F.4th 785, 794 (4th Cir. 2023) (quoting *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274,

-2-

279 (4th Cir. 2000)) (emphasis in original); *see also* ECF No. 176, at 6 ("Fourth Circuit precedent clearly establishes that the relevant standard—the question the jury must answer—is whether the employer had a retaliatory motive, not whether the employer's decision to terminate the employee was correct.").

Plaintiff argues that, "without a reasonableness requirement, the honest-belief defense risks swallowing the FMLA's protections by allowing an employer to avoid liability based on subjective suspicion alone." Pl.'s Mem. 2. The Court disagrees.[1] In a prior order, the Court explained that, "[w]hile it is not the Court or the jury's job to decide whether a termination was 'wise, fair, or correct,' a remarkably unwise, unfair, or incorrect decision may be probative evidence of retaliatory intent." ECF No. 176, at 7. The Court's charge to the jury reflected this understanding of the law. *See* Def.'s Resp., Ex. 2, at 5 ("An honest but mistaken belief that an employee engaged in misconduct can defeat a retaliation claim. However, if you believe CSX lacked a legitimate basis for believing Mr. Pack committed misconduct related to use of FMLA leave, you may infer that CSX did not have an honest belief that Mr. Pack engaged in that misconduct."). By telling the jury it could consider reasonableness in issuing a verdict, the Court eliminated the risk that CSX could "avoid liability based on subjective suspicion alone."

Since the Court's instruction accurately stated the law, and Plaintiff's proposed instruction would not have been correct, Plaintiff is not entitled to a new trial.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion for a New Trial (ECF No. 251).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

---

[1] Even if the Court shared Plaintiff's concern, the Court cannot disregard binding precedent based on its own policy preferences.

-3-

-4-

ENTER:        August 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE